W. S. PAHUKULA *vs.* W. C. PARKE, Administrator.

ASSUMPSIT.    BEFORE MCCULLY, J.

JULY TERM, 1877.

Whether an alteration in a promissory note is material is a question of law for the Court: but whether there is an alteration is a question of fact for the jury.

Under §49, Chap. 32, Laws of 1876, the maker of a note may deny that he has signed it: and evidence that he has been heard to deny it is admissible.

DECISION OF MCCULLY, J., ON MOTION FOR NEW TRIAL.

The points referred to in the argument were the following:—

I.   The note on which the action was brought being offered for proof, defendant's counsel ask the Court on mere inspection to find that there has been an alteration and to exclude it from the jury.

In fact, the written words "five hundred" being somewhat more compressed does not show to my mind an alteration.  It is frequently the case that the latter part of a phrase written within a fixed space is compressed, from want of prevision in writing the first part.

As to the figure 5 in the sum of "2,500," there is an appearance of its being a 5 written over an 0.  Now, if on that blemish the note had been withdrawn by the Court, there must have been no further proceedings, and if that ruling shall be made, the defendants will have not a new trial, but that there shall never be a trial, for at the beginning of every trial the subject matter will be ruled out by the Court, on mere inspection, as before.

Whether an alteration is material or immaterial is a question of law for the Court and it is error to leave that question to the jury. *Burnham vs. Ayer*, 35 N. H., is one authority out of many.   The Court in this case did not leave it to the jury whether an alteration from $2,000 to $2,500 was material or not,

but instructed that it was material and would vitiate the note if made after delivery and without the consent of the maker.

But the Court left it for the jury to determine upon *their own inspection* coupled with the evidence offered, 1st, whether there had ever been an alteration; 2d, if alteration, when it was made, saying that it was for the party presenting the note to support it throughout, and if there were any suspicious circumstances to explain them.

II.   As to the refusal of the Court to permit Keawe to be asked on cross-examination if he had ever heard Kanaina deny he had signed the note.

This ruling was made without argument on the common-law principle that while a declaration against interest may be proved, a declaration tending to invalidate a negotiable paper to which he had given credit by his signature, as claimed, could not be admitted.

Upon examination of Sec. 49 of our Statute of Evidence, Chap. 32 of Laws of 1876, I am satisfied that the alleged maker, Kanaina, could have been admitted to say that he had not signed the note, especially it not being in the hands of third parties, and it would appear that the witness Keawe ought to have been allowed to say whether he had heard him deny this signature. The defendants had made the issue of *non fecit*. The testimony was pertinent to that, and was relevant to his examination in chief, which had been to the effect that Kanaina had signed the note.

III.   In respect to the question proposed to be asked of Mr. Bishop, I am of the opinion that where the genuineness of the signature and the question of fraud is raised, defendant ought to have been permitted to ask it.

The rulings on the second and third points being thus in my judgment erroneous, the *motion for a new trial is granted.*

*J. M. Davidson* for plaintiff.

*E. Preston & A. S. Hartwell* for defendant.

Honolulu, July 27th, 1877.